UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY V.,<br>            Plaintiff,<br>    v.<br>NANCY A. BERRYHILL,<br>            Defendant. | Case No. 19-cv-02347-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 16, 21 |

Plaintiff Stanley V. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied his application for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. [Docket No. 16 ("Pltf. Mot.").] The Commissioner cross-moves to affirm. [Docket No. 21 ("Def. Mot.").] For the reasons stated below, the court denies Plaintiff's motion and grants the Commissioner's cross motion.

**I.  PROCEDURAL HISTORY**

Plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits on July 21, 2015, alleging a disability onset date of August 30, 2014. Administrative Record ("A.R.") 210-13. The application was initially denied on March 4, 2016 and again on reconsideration on June 29, 2016. A.R. 102-05, 110-16. On July 8, 2016, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 118-19. After the April 27, 2018 hearing, ALJ Thomas J. Gaye issued a decision finding Plaintiff not disabled. A.R. 19-37. The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease ("DDD") of the cervical spine, DDD of the lumbar spine, and status-post right inguinal hernia surgery. A.R. 25. The ALJ found that Plaintiff retains the following residual functional capacity (RFC):

> [T]o perform light work as defined in 20 CFR 404.1567(a) except the

>claimant can stand and walk for two hours. He can perform postural movements occasionally except he can balance frequently and occasionally perform overhead reaching.

A.R. 27.

Relying on the opinion of a vocational expert ("VE") who testified that an individual with such an RFC could perform other jobs existing in the economy, including document preparer, order clerk, and charge-account clerk, the ALJ concluded that Plaintiff is not disabled. A.R. 31-32.

The Appeals Council denied Plaintiff's request for review on March 1, 2019. A.R. 1-8. The ALJ's decision therefore became the Commissioner's final decision. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Plaintiff then filed suit in this court pursuant to 42 U.S.C. § 405(g).

## II.   THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

1. At the first step, the ALJ considers the claimant's work activity, if any. If the claimant is doing substantial gainful activity, the ALJ will find that the claimant is not disabled.

2. At the second step, the ALJ considers the medical severity of the claimant's impairment(s). If the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 416.909, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find that the claimant

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

is not disabled.

3. At the third step, the ALJ also considers the medical severity of the claimant's impairment(s). If the claimant has an impairment(s) that meets or equals one of the listings in 20 C.F.R., Pt. 404, Subpt. P, App. 1 [the "Listings"] and meets the duration requirement, the ALJ will find that the claimant is disabled.

4. At the fourth step, the ALJ considers an assessment of the claimant's residual functional capacity ("RFC") and the claimant's past relevant work. If the claimant can still do his or her past relevant work, the ALJ will find that the claimant is not disabled.

5. At the fifth and last step, the ALJ considers the assessment of the claimant's RFC and age, education, and work experience to see if the claimant can make an adjustment to other work. If the claimant can make an adjustment to other work, the ALJ will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled.

20 C.F.R. § 416.920(a)(4); 20 C.F.R. §§ 404.1520; *Tackett*, 180 F.3d at 1098-99.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112

3

F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

## IV.  DISCUSSION

Plaintiff argues that the ALJ erred in his step five analysis by (1) finding that Plaintiff is capable of light work even though he can only stand and walk for 2 hours in an 8-hour workday; (2) finding that the jobs of order clerk and charge-account clerk exist in sufficient numbers in the national economy; and (3) failing to ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO").

### A.  Legal Standard for Step Five Analysis

At the fifth step of the sequential evaluation, the ALJ considers the assessment of the claimant's RFC and age, education, and work experience to see if the claimant can make an adjustment to other work. If the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled. If the claimant can make an adjustment to other work, the ALJ will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4); 20 C.F.R. §§ 404.1520; *Tackett*, 180 F.3d at 1098-99. Should the ALJ decide that the claimant is not disabled, "the [SSA] is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [his RFC] and vocational factors." 20 C.F.R. § 416.960(c)(2).

Social Security Ruling ("SSR") 00-4p governs the use of occupational evidence.[2] At step five of the sequential evaluation, ALJs rely on the DOT, including the SCO, and testimony from vocational experts in making disability determinations. SSR 00-4p, 2000 WL 1898704 at *2 (S.S.A. Dec. 4, 2000). The DOT is a reference guide in the form of a job catalog that contains standardized

---

[2] SSRs "are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Massachi v. Astrue*, 486 F.3d 1149, 1152, n.6 (9th Cir. 2006) (citations omitted). In *Massachi*, the Ninth Circuit held that an ALJ must comply with SSR 00-4p before relying on the testimony of a vocational expert. *Id.* at 1150.

4

occupational information about each occupation. An ALJ is to "rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy." *Id*. An ALJ may also call upon a VE to provide occupational evidence through testimony at a disability benefits hearing. *Id.* As part of a disability determination, an ALJ must address any conflicts between the VE's testimony and information contained in the DOT. *Id.* at *1. The ALJ has an "affirmative responsibility to ask about any possible conflict between [the VE's testimony about the requirements of a job] and information provided in the DOT." *Id.* at *4.

### B. "Light" Work

The Social Security Administration classifies jobs as sedentary, light, medium, heavy, or very heavy, depending on the physical exertion requirements of the position. *See* 20 C.F.R. 404.1567. Even for sedentary jobs, "a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a). Light work, on the other hand, may require "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). SSR 83-10 explains that periods of standing or walking for a sedentary job "should generally total no more than about 2 hours of an 8-hour workday," while light work may require standing or walking for up to 6 hours.

In this case, the ALJ determined that Plaintiff has the capacity "to perform light work . . . except [he] can stand and walk for two hours," in addition to some postural limitations. A.R. 27. Plaintiff argues that the ALJ erred in finding that he can perform light work even though he can only stand or walk for up to 2 hours per day. Pltf. Mot. at 4-5. Plaintiff's argument is not convincing. The ALJ explicitly acknowledged Plaintiff's standing and walking limitations in his RFC assessment. Thus, the ALJ's finding that Plaintiff can perform light work as modified is not inconsistent with Plaintiff's standing and walking limitations. In addition, even if the ALJ erred in finding that Plaintiff is capable of light work with limitations, all three job positions he identified as available to Plaintiff are sedentary. *See* A.R. 31-32. Since any error in classifying Plaintiff's exertional limitations as "light" would not impact the ALJ's ultimate finding that Plaintiff can perform the identified sedentary occupations, the error is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (finding that an ALJ's error is harmless "where it is inconsequential to the ultimate nondisability determination" (internal quotation marks and citation omitted)).

### C. Jobs Available in the National Economy

At step five of the sequential evaluation process, "an ALJ must determine whether a disability claimant who cannot perform past relevant work is nevertheless capable of performing other work that exists in significant numbers in the national economy." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017); *see* 20 C.F.R. § 404.1560(a). "Work which exists in the national economy" is defined as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). The Ninth Circuit has not set a "bright-line rule" for what constitutes a "significant number" of jobs, although a court may look to other cases for comparison numbers. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). The Commissioner bears the burden of establishing that work exists in significant numbers. *Tackett*, 180 F.3d at 1099.

Here, the ALJ found that Plaintiff could perform the requirements of a document preparer (25,000 jobs nationally), order clerk (7,500 jobs), and charge-account clerk (5,000 jobs). Plaintiff concedes that there are a significant number of document preparer jobs in the national economy. *See* Pltf. Mot. at 5 n. 1; *see also Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) (holding that 25,000 jobs available nationally meets the statutory standard). However, Plaintiff argues that the ALJ did not meet his burden to show that the positions of order clerk and charge-account clerk exist in significant numbers. Plaintiff's argument fails because the ALJ can meet his burden by identifying just one occupation with a sufficient number of available positions. *See* 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in *one or more* occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." (emphasis added)); *see also Ojeda v. Saul*, No. 19-cv-02415-VKD, 2020 WL 5944434, at *4 (N.D. Cal. Oct. 7, 2020) ("The number of jobs considered is the collective total across all identified possible positions, not each position individually."); *Garner v. Saul*, 805 F. App'x 455, 459 (9th Cir. 2020) (finding that one job existing in significant numbers is sufficient in a step five finding). Since, as Plaintiff concedes, the ALJ identified at least one job that exists in significant numbers, he did not err in failing to address whether each position individually meets the statutory requirements.

6

### D. VE Testimony

An ALJ "has an affirmative responsibility to ask about any possible conflict between that VE or VS [vocational specialist] evidence and information provided in the DOT." SSR 00-4p; *see also Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) ("If the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled."). However, in order "[f]or a difference between an expert's testimony and the [DOT]'s listings to be characterized as a conflict, it must be obvious or apparent," which means that the VE's testimony "must be at odds with the [DOT]'s listing of job requirements that are essential, integral or expected." *Gutierrez*, 844 F.3d at 808.

Plaintiff argues that the ALJ erred in failing to ask the VE whether her testimony was consistent with the DOT and SCO. Specifically, Plaintiff's RFC limits him to only occasional overhead reaching, but the three positions identified by the VE all require frequent reaching.[3] The Commissioner concedes that those three positions require frequent reaching and also concedes that the ALJ erred in failing to ask the VE whether her testimony was consistent with the DOT. However, the Commissioner argues that any error was harmless because the ALJ only limited Plaintiff's overhead reaching, which is not inconsistent with jobs that require frequent reaching in all directions.

*Gutierrez*, cited by the Commissioner, is instructive. In that case, the ALJ found that a claimant could not lift her right arm above her shoulder (among other limitations) and the VE testified that a person with the claimant's RFC could work as a cashier. 844 F.3d at 807. The ALJ asked the VE if his testimony was consistent with the DOT, and the VE responded that it was. *Id.* The ALJ then found that the claimant was not disabled. On appeal, the claimant argued that the ALJ erred by failing to ask more specific questions about her limitations. In particular, the DOT specifies that cashiers must perform frequent reaching, which the claimant asserted was inconsistent with the limitation that she could not reach overhead with her right arm. *Id.* The claimant argued

---

[3] "Occasional" work is performed up to one-third of a workday, while "frequent" work is performed from one-third to two-thirds of a workday. SSR 83-10.

that the ALJ was required to resolve the apparent conflict before relying on the VE's testimony. The Ninth Circuit rejected her argument. The court noted that "not every job that involves reaching requires the ability to reach overhead," and observed that "anyone who's made a trip to the corner grocery store" knows that a typical cashier never has to perform overhead reaching. *Id.* at 808. Because "there was no apparent or obvious conflict" between the VE's testimony and the DOT, the court held that the ALJ properly relied on the VE's testimony. *Id.* Here, as in *Gutierrez*, the ALJ assessed limitations only in Plaintiff's ability to reach overhead. The three positions identified by the VE require frequent reaching, but the DOT does not specify that they require frequent overhead reaching. Thus, the requirement of "frequent reaching" does not, on its own, raise an obvious conflict with the VE's testimony that Plaintiff can perform the listed jobs.

Plaintiff distinguishes *Gutierrez* on the basis that the positions of document preparer, order clerk, and charge-account clerk are not as widely known as cashier jobs, and therefore the court cannot rely on common experience to resolve potential conflicts. *See Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017) (observing that "[t]he more obscure the job, the less likely common experience will dictate the result"). However, *Lamear* (relied on by Plaintiff) explains that there are other methods to identify "obvious" conflicts. In that case, the plaintiff was limited in reaching with his left arm and limited in handling, fingering, and feeling with his left hand. *Id.* at 1204. The VE testified that he could perform the positions of office helper, mail clerk, or parking lot cashier. *Id.* The Ninth Circuit examined the DOT's descriptions of those positions and determined that the "general tasks for these jobs include opening and sorting mail, stuffing envelopes, distributing paperwork, and counting change." *Id.* at 1205. All three jobs also required frequent handling, fingering, and reaching. *Id.* at 1206. The court found that the job descriptions raised an "apparent discrepancy" that the ALJ was required to reconcile with the VE's testimony, and accordingly remanded the case. *Id.*

In *Lamear*, the DOT's job descriptions provided a basis for the Ninth Circuit to conclude that there was an obvious conflict between the VE's testimony and the DOT. *Lamear*, 865 F.3d at 1205 ("The DOT's lengthy descriptions for these jobs strongly suggest that it is likely and foreseeable that using both hands would be necessary to perform 'essential, integral, or expected'

8

tasks in an acceptable and efficient manner."). For example, activities like sorting mail and counting change specifically implicate handling and fingering. The plaintiff in *Lamear* had limitations in those activities, and so the ALJ was required to investigate whether he could still perform the identified jobs despite his limitations. In this case, by contrast, the DOT's descriptions for document preparer, order clerk, and charge-account clerk do not list any activities that necessarily implicate reaching overhead. A document preparer uses a paper cutter, photocopying machine, rubber stamps and other work devices to cut, copy, and stamp documents. *See* DOT 249.587-018. An order clerk takes food and beverage orders, answers questions regarding food or service, and distributes order tickets. *See* DOT 209.567-014. A charge-account clerk interviews customers, assists them in completing applications for charge accounts, and reviews and files the applications. *See* DOT 205.367-014. Unlike in *Lamear*, where the DOT job descriptions listed tasks with a clear relationship to the plaintiff's limitations, there is no such apparent connection here. While Plaintiff speculates that a document preparer might be required to reach overhead depending on where the listed supplies are stored, an ALJ's obligation to reconcile a VE's testimony with the DOT only extends to "apparent or obvious" conflicts. *Gutierrez*, 844 F.3d at 808. Because Plaintiff has not identified an apparent conflict, any error the ALJ committed in failing to elicit additional testimony from the VE is harmless.

## V.  CONCLUSION

For the reasons stated above, the Commissioner's motion for summary judgment is granted and Plaintiff's motion is denied. The clerk shall enter judgment for the Commissioner and against Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: December 7, 2020

_____
Donna M. Ryu
United States Magistrate Judge